UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN SPOMER,

    Plaintiff,

v.

    Civil Case No. 17-11642
    Honorable Linda V. Parker

CITIZENS INSURANCE COMPANY OF
THE MIDWEST,

    Defendant.
_____/

## OPINION AND ORDER DENYING MICHIGAN NEUROSURGICAL SPECIALISTS P.C.'S MOTION TO INTERVENE (ECF NO. 20)

This lawsuit arises out of no-fault personal protection benefits for injuries Plaintiff Edwin Spomer allegedly sustained from an August 22, 2010 automobile accident. Plaintiff originally filed this lawsuit against Defendant Citizens Insurance Company of the Midwest in the Wayne County Circuit Court on January 27, 2017. (ECF No. 1-1.) On May 24, 2017, Defendant removed this case to federal court. This matter is currently before the Court on Michigan Neurosurgical Specialists, P.C.'s ("Michigan Neurosurgical") motion to intervene, filed March 27, 2018. (ECF No. 20.) Michigan Neurosurgical claims it has an interest in the litigation because it provided Plaintiff with medical services, and Plaintiff assigned Michigan Neurosurgical his right to collect on the outstanding medical bills. Finding the legal arguments sufficient, the Court is dispensing with oral arguments

pursuant to L.R. 7.1(f)(2). For the reasons set out below, the Court is denying Michigan Neurosurgical's motion to intervene.

I. **Factual and Procedural History**

Michigan Neurosurgical filed a healthcare provider lawsuit, *Michigan Neurosurgical Specialists, P.C. v. Hanover Insurance Company*, 17-157215, against Defendant in the Oakland County Circuit Court on February 7, 2017 (ECF No. 22-2.) Michigan Neurosurgical seeks to recover payments of Plaintiff's outstanding medical bills resulting from an August 22, 2010 automobile accident. (ECF No. 22 at Pg ID 240; ECF No. 22-2; ECF No. 22-3.) On October 11, 2017, Defendant filed a motion for summary disposition of Michigan Neurosurgical's complaint pursuant to *Covenant Med. Ctr., Inc. v. State Farm*, 500 Mich. 191 (2017), where the Michigan Supreme Court held that healthcare providers do not have an independent statutory cause of action against no-fault insurers for PIP payments. (ECF No. 22 at Pg ID 241; ECF No. 22-4.) Also in its motion, Defendant argued that the policy language in the insurance contract precluded any assignment without Defendant's consent. (*Id.*)

On January 26, 2018, Judge Denise Langford Morris granted Defendant's motion and dismissed Michigan Neurosurgical's action for failure to state a claim pursuant to *Covenant*. Judge Langford Morris also found that Michigan Neurosurgical did not have a valid assignment because Defendant did not consent

2

to any assignment, as required under the insurance policy. (ECF No. 22-6.) On February 14, 2018, Michigan Neurosurgical filed a motion for reconsideration, which Judge Langford Morris denied on March 21, 2018. (*See* ECF Nos. 22-7 & 22-9.)

While Michigan Neurosurgical was litigating its own claims, on January 27, 2017, Plaintiff initiated this action against Defendant in the Wayne County Circuit Court, arising from the August 22, 2010 automobile accident. According to Plaintiff, he sustained severe and permanent injuries and damages from the accident and maintains Defendant is liable for no-fault/PIP benefits. (ECF No. 1-1 at Pg ID 10.) On May 24, 2017, after Plaintiff admitted in discovery requests that he was seeking benefits that exceed $75,000, Defendant removed this matter to federal court. (ECF No. 1.) Following dismissal of its state court lawsuit on March 21, 2018, Michigan Neurosurgical filed a motion to intervene in this matter on March 27, 2018. Defendant filed a response on April 10, 2018. (ECF No. 22.)

## II. Applicable Law and Analysis

Federal Rule of Civil Procedure 24(a) provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so

> situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24. Federal Rule of Civil Procedure 24(b) provides for permissive intervention. It states, "[o]n timely motion, the court may permit anyone to intervene who: is given a conditional right to intervene by a federal statute; or has a claim or defense that shares with the main action a common question of law or fact." A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

The Sixth Circuit interprets Rule 24(a) as setting forth four elements that must be satisfied before intervention as of right will be granted:

> "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court."

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997)); *see also Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). "'Failure to meet any one of the four criteria will require that the motion to intervene be denied.'" *Stupak-Thrall*, 226 F.3d at 471 (brackets omitted) (quoting *Grubbs v. Norris*, 870 F.2d

4

343, 345 (6th Cir. 1989)); *see also Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (providing that "[e]ach of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule.").

The determination of whether a motion to intervene is timely "should be evaluated in the context of all relevant circumstances." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). The Sixth Circuit has identified several factors relevant to the court's evaluation:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.*

Although removed to federal court on May 24, 2017, this matter has been pending since January 27, 2017. Because Michigan Neurosurgical had its own case pending in state court, it immediately did not seek to intervene in this matter. It was not until Judge Langford Morris denied Michigan Neurosurgical's motion for reconsideration that Michigan Neurosurgical filed the instant motion to intervene on March 27, 2018. (ECF No. 20.) This matter is currently set before a facilitator for June 27, 2018 and set for a settlement conference before Magistrate Judge David R. Grand for July 16, 2018.

5

Defendant argues that allowing Michigan Neurosurgical to intervene would be prejudicial because Defendant would be forced to relitigate the claims it prevailed on in state court. Further, Defendant argues that Michigan Neurosurgical was aware of this lawsuit and cannot now seek to intervene in this matter because it received an unfavorable outcome. The Court agrees. Michigan Neurosurigcal waited more than a year to seek intervention in this matter and only did so now because its claims were dismissed. Further, Michigan Neurosurgical has not disputed Defendant's contention that it was aware of this lawsuit prior to filing its own action. Both parties would be extremely prejudiced at this stage of the litigation if Michigan Neurosurgical was allowed to intervene. The parties have completed discovery and are days away from possibly resolving this matter. Allowing intervention at this juncture would cause undue delay.

With respect to the movant's interest in the litigation, the Sixth Circuit has adopted "a 'rather expansive notion of the interest sufficient to invoke intervention of right.'" *Grutter*, 188 F.3d at 398 (quoting *Michigan State AFL-CIO*, 103 F.3d at 1245). The party seeking intervention "need not possess the standing necessary to initiate [the] lawsuit." *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528 (1972)). Defendant argues that the Court should deny the motion to intervene because Michigan Neurosurgical no longer has an interest in this litigation because it litigated its

claims in state court, which were dismissed on the merits. In state court, Judge Langford Morris ruled:

> The Court finds that the assignment relied upon by Plaintiff is invalid under the terms of the applicable insurance policy, which provides that 'Your rights and duties under this policy may not be assigned without our written consent. . . . The Court finds that Plaintiff s no-fault claim in this lawsuit stands in direct contravention of the Michigan Supreme Court's decision in *Covenant Medical Center v. State Farm*, (No 152758 May 25,2017). Because a health care provider possesses no statutory cause of action under the no-fault act against a no-fault insurer for recovery of PIP benefits, dismissal is appropriate.

(ECF No. 22-6 at Pg ID 428.) The state court also denied Michigan Neurosurgical's motion for reconsideration of the summary disposition. (ECF No. 22-9.)

Michigan Neurosurgical's intervening complaint is based on an alleged assignment from Plaintiff. In light of the state court's ruling, Defendant contends that Michigan Neurosurgical's intervention into this action is impermissible under the doctrine of res judicata. Res judicata refers collectively to claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id*. (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). "Issue preclusion, in contract, bars 'successive litigation of an issue of

fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Id.* (quoting *New Hampshire*, 532 U.S. at 748-49). Res judicata prevents inconsistent decisions, conserves judicial resources, and protects vindicated parties from vexatious litigation. *Id.*; *see also Pierson Sand & Gravel, Inc. v. Keeler Brass Co.*, 596 N.W.2d 153, 157 (Mich. 1999). "A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state." *Dubuc v. Green Oak Tp.*, 312 F.3d 736, 744 (6th Cir. 2002) (citing 28 U.S.C. § 1738; *Heyliger v. State Univ. and Cmty. Coll. Sys.*, 126 F.3d 849, 851-52 (6th Cir. 1997)). Thus, Michigan law on preclusion governs the preclusive effect of the Oakland County Circuit Court's decision.

In Michigan, the elements of claim preclusion are:

> (1) the first action must have resulted in a decision on the merits; (2) the issues must have been resolved in the first action, either because they were actually litigated or because they might have been raised in the first action through reasonable diligence of the parties; and (3) both actions must be between the same parties, or their privies.

*Dubuc*, 312 F.3d at 747 (citing *Sloan v. City of Madison Heights*, 389 N.W.2d 418, 422 (Mich. 1986); *Katt v. Dykhouse*, 983 F.2d 690, 693 (6th Cir. 1992)).

As it relates to the alleged assignment, the Oakland County action resulted in a decision on the merits. As stated above, Judge Langford Morris found that Michigan Neurosurgical lacked standing to bring an action to recover PIP benefits

8

on behalf of Plaintiff. Specifically, Judge Langford Morris found Michigan Neurosurgical's independent action to be in direct contradiction of the Michigan Supreme Court's decision in *Covenant*. Further, Judge Langford Morris found that Michigan Neurosurgical did not have a valid assignment because Plaintiff's policy with Defendant precluded assignments without Defendant's consent.

Here, Michigan Neurosurgical seeks to intervene in the matter based on the exact assignment the state court found invalid. To the extent Michigan Neurosurgical seeks intervention based on an alleged assignment, such claim is barred under res judicata. Further, having failed to articulate any other basis for intervention, the Court finds Michigan Neurosurgical does not have an interest in this litigation based on an assignment. However, the Court recognizes that Michigan Neurosurgical does have an interest in the payment of the outstanding medical bills.

To satisfy Rule 24(a)'s third requirement, the would-be intervenor's "burden is minimal" in that it need only show "that impairment of its substantial legal interest is possible if intervention is denied[.]" *Michigan State AFL-CIO*, 103 F.3d at 1247. As articulated above, Michigan Neurosurgical does not have an interest in this litigation based on any assignment. If Plaintiff fails to succeed on its claims, Michigan Neurosurgical will be precluded from recovering its medical expenses,

9

particularly in light of Judge Langford Morris's decision that Michigan Neurosurgical could not pursue an independent action.

The Sixth Circuit also has described as "minimal" the moving party's burden to satisfy the final requirement-- that its interest is not adequately protected by the existing parties to the action. *Michigan State AFL-CIO*, 103 F.3d at 1247 (quoting *Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir.1992) (explaining that, "[a]lthough a would-be intervenor is said to shoulder the burden with respect to establishing that its interest is not adequately protected by the existing parties to the action, this burden 'is minimal because it is sufficient that the movant prove that representation *may* be inadequate.'") (emphasis added)). In other words, the party seeking intervention "is not required to show that the representation *will in fact be* inadequate." *Id*. (emphasis added). For example, it may be enough to show that the movant and existing party have inconsistent interests in the litigation, *Linton*, 973 F.3d at 1319, or that the existing party "will not make all of the prospective intervenor's arguments." *Michigan State AFL0-CIO*, 103 F.3d at 1247.

According to Michigan Neurosurgical, "Plaintiff does not adequately represent MNS's interest because any potential settlement that is reached may include certain medical discounts that MNS has not consented to and will be in conflict with Plaintiff's patient agreement." (ECF No. 20 at Pg ID 216.)

The Court is denying Michigan Neurosurgical's motion to intervene. First, Michigan Neurosurgical's legal position would unnecessarily disrupt the litigation because it continues to maintain it has a valid assignment, despite the state court ruling to the contrary. If the Court were to allow Michigan Neurosurgical to intervene based on its position outlined in the intervening complaint, it would permit Michigan Neurosurgical to take a legal position inconsistent with Judge Langford Morris's decision. As stated above, given Michigan Neurosurgical's legal position for intervening, the delayed filing of this motion, and the status of this case, intervention would be prejudicial to original parties.

Accordingly,

**IT IS ORDERED**, that Michigan Neurosurgical Specialists, P.C.'s motion to intervene (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED**, that the Clerk of the Court shall remove Michigan Neurosurgical Specialists, P.C. as a named Intervenor/Creditor on the docket and as a recipient of the filings in this action after service of this Opinion and Order.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 27, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 27, 2018, by electronic and/or U.S. First Class mail.

                                                s/ R. Loury
                                                Case Manager